Jones, J.
J. I think it may he regarded as a general rule that when an action for divorce is brought against the wife, and she in her answer either denies her guilt or sets up affirmative defenses, such as forgiveness, or recrimination, or does both, counsel fees and alimony will he allowed her; unless the court is satisfied that the wife is altogether in the wrong or has no reasonable ground of defense; in which case the court in the exercise of a sound discretion may refuse counsel fees and alimony.
The nunerous cases cited on the argument do not impugn this general rule. Some of these cases merely show what matters the courts have considered to. be sufficient to show that the wife is altogether in the wrong, or has no reasonable ground of defense, while others show that under the circumstances detailed in them, the court will hold that the wife has a reasonable ground of defense, and that she is not altogether in the wrong.
Thus some of the cases hold, that if the wife do not deny her guilt under oath, or do not either swear positively to the allegations constituting her affirmative defenses, or prove those allegations by the oaths of persons having positive knowledge thereof, then the court will say that either the wife is altogether in the wrong or has no reasonable ground of defense. Other of these cases hold that if the wife denies her guilt, under oath, or positively swears to the allegations in her answer constituting affirmative defenses, then although affidavits may be produced contradicting her oath of innocence, or contradicting her positive oath as to the affirmative defenses, then the court will be satisfied, either that she is not altogether in the wrong, or that she has a reasonable ground of de- ■ fense. One case intimates that although the wife may not *614 be able to swear to her innocence, and may be able only to swear on information and belief, to the allegations constituting .her affirmative defenses, yet if she produces the positive affidavits of those who know the facts constituting such affirmative defenses, then the court will be satisfied that she has a reasonable ground of defense.
In the present case, the defendant, by her original answer, denies her guilt and sets up as an affirmative defense, forgiveness by the plaintiff. This answer is not sworn to. By the supplemental answer she sets up as an affirmative defense, adultery committed by the plaintiff. This answer hag the usual verification required by the Code. By this verification she does not swear positively that the recriminatory charges made by her are true of her own knowledge. Indeed, the affidavit which she made, on which to found her motion for leave to file a supplemental answer, clearly shows that the only knowledge which she had of these recriminatory charges was from information givén by others, which information she' believed to be true.
She has never sworn to her innocence, nor to forgiveness by the plaintiff.
From this statement it is evident that if this application had been made before issue upon the comptaint, answer and supplemental answer, it must have been denied, under the authority of the cases cited on the argument.
The question now presents itself whether the fact of atrial having been had by a jury, on issues framed, which resulted in a disagreement, can under any circumstances take the case out of the rule which obtains on motions before trial, that if a wife neither swears to her innocence, nor, having set up as an affirmative defense recriminatory charges on information and belief, which are denied on oath by the husband, brings to support those allegations affidavits of witnesses who know the facts, alimony and counsel fees will be denied.
I think it can, and not only that, but can bring the case within that other rule which obtains on motions of this *615 character, made before trial, viz. that although a wife maybe unable to swear to her innocence and may be able to swear in her answer to recriminatory charges on information and belief only, yet if she bring the positive affidavits of those who of their own knowledge know the facts constituting the recriminatory charges, alimony and counsel fees will be allowed, although the husband denies the charges against him under oath.
If the evidence adduced at] the trial, and its effect on the jury, is such as to show the court that there was positive evidence in support of the ■ criminatory charges, given by witnesses who of their own knowledge knew the fact, and the jury disagreed, then the wife, on motion after judgment, stands in the same (if not a better) position that she would on a motion made before trial, founded on the affidavits of the witnesses, embodying therein the matters testified to by them on the trial.
The defendant in this case occupies this position. There was affirmative evidence adduced in support of the recriminatory charges against the plaintiff, by parties who professed to know the facts of their own knowledge. That matter was litigated, as well as all others. The jury disagreed. Throwing out of consideration the card of the jurors, (which being a mere ex parte statement not under the sanction of ah oath, should have no influence in the decision of this matter,) it is impossible to say on what issue the jury disagreed, or how they stood. For aught the court judicially knows, they disagreed on the issue of the recriminatory charges, and on that stood eleven for the defendant against one for the plaintiff. In such a case the court cannot say she has no reasonable ground of defense.
But it is urged that the story told by the witnesses who swore in support of this defense is too improbable to be believed. Yet at least two of the jurors, who were sworn well and truly to try the issues and give a true verdict according to the evidence, not only considered it probable, *616 but believed it to be true. It cannot be assumed that they were recusant to their oath. On the contrary, it must be assumed that such was their honest opinion. The fact that ten jurors believed otherwise can have but little weight. Men’s minds run in different channels. Although the minds of these ten were so differently constituted from the minds of the two, as to lead them to a different conclusion, yet I cannot undertake to say that, on the next jury summoned from the inhabitants of this large city, the minds of the whole twelve may not be constituted, so nearly alike to the minds of the two, as to lead them to the same conclusion that these two arrived at.
I do not intend to express any opinion oh the question whether the bare disagreement of a jury on the issue of the guilt or innocence of the wife, she never having denied her guilt under oath, would be sufficient to satisfy the court either that she was not entirely in the wrong, or that she had a reasonable ground of defense.
It is urged that the defendant is in contempt of the Supreme Court, and that as the granting of the motion is a matter of favor, it should not be granted while she is so in contempt. I do not so understand the doctrine on this subject. I understand it thus: if a party being in contempt of a court asks that same court for a favor, the court will 'not grant it; and on this ground, a court will hot allow a party to say I contemn your authority; I will act in open disregard and defiance of it, and while defying you, I will ask you, whom I thus contemn and defy, to grant me a favor. The reason of the rule does not apply when the favor is asked of one court while the' contempt is against another.
The authority of the court in which the favor is asked, has not been defied. I think, moreover, that it is very doubtful whether the bare fact that a party is charged in qx parte affidavits (although there is no denial of them) with having willfully disobeyed an order of the court will be: sufficient to induce that court to withhold a favor from such *617 party. I am inclined to the opinion that to induce a court to withhold a favor on the ground that the applicant is in contempt, such party must have been adjudged by the court to be in contempt.
It is insisted that if the motion is granted it should be on condition that the defendant consents to a reference. I see no reason why a wife should be forced to forego her right of a trial by jury simply because she wishes to be provided with means to conduct her defense and to be supported pending the litigation.
I have come to the conclusion that counsel' fees and alimony should be allowed. As, however, the defendant’s counsel, on the argument, expressly waived and abandoned that portion of the motion which asked for alimony, and declined to receive it, I shall not order it. The court will not thrust on a party a favor which he does not ask, but expressly declines.
With respect to the amount to be allowed for counsel fees, I am of opinion, under all the circumstances, that the sum of $1000 should be allowed, with liberty to the defendant to move to increase it, on further affidavits showing more positively and clearly the extent of the plaintiff’s interest in his father’s estate, whether he realizes any thing therefrom, and if so, how much.
Let an order be entered directing the plaintiff to pay to the defendant, or her counsel, Messrs. McKeon & Geery, $1000 towards the expenses of defending this action, with liberty to the defendant to move to increase the amount on further affidavits showing more clearly and positively the extent of the plaintiff’s interest in his father’s estate; whether he realizes any thing therefrom; and if so how much. Eo costs of this motion to either party. The order to be made without imposing any conditions on the defendant.